UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRIAN DWAYNE BROADFIELD** | **CASE NO. 2:21-CV-00509 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SOKUT MA'AT, ET AL** | **MAGISTRATE JUDGE KAY** |

## ORDER

On June 1, 2021, petitioner filed a Motion to Conduct Limited Discovery (doc. 13). On June 7, 2021, he filed a Renewed Motion to Conduct Limited Discovery (doc. 18). The respondents filed an opposition to documents 13 and 18 on June 9, 2021 (doc. 19) and petitioner subsequently filed a Motion for In Camera Inspection of Documents (doc. 23).

As noted by the respondents in their opposition, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997). Therefore, the "broad discovery provisions" of the Federal Rules of Civil Procedure do not apply to Petitioners' claims. *Id*. at 1797 (citing *Harris v. Nelson,* 89 S.Ct. 1082, 1088 (1969)). Discovery on a habeas petition is only allowed, if at all, under Habeas Corpus Rule 6 at the discretion of the Court and only if the petitioner establishes "good cause." *Dist. Att'ys Office for Third Jud. Dist. v. Osborne*, 129 S.Ct. 2308, 2322 (2009). A petitioner cannot establish good cause if he does not have a viable claim. *Id*. "A habeas petitioner demonstrates 'good cause' when he or she establishes a prima facie claim for relief, and when his or her claims are specific, not merely speculative or conclusory." *Harris,* 89 S.Ct. 1086; *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). More specifically, "[a] petitioner shows 'good cause' by presenting 'specific allegations' which give the Court 'reason to believe that the

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Harris,* 89 S.Ct. 1091. Simply put, Rule 6 "does not authorize fishing expeditions." *In re Robinson*, 917 F.3d 856, 865 (5th Cir. 2019), cert. denied sub nom., *Robinson v. United States,* 140 S.Ct. 1128 (2020) (citing *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

In the matter before this Court, the petitioner challenges the results of a disciplinary hearing. Because reviews of disciplinary hearings are limited, discovery in those type of cases is also curtailed. In *Eddy v. Zook*, No. 3:20-cv-3358, 2020 WL 7047052, at *2 (N.D. Tex. 12/11/2020), the district court refused to authorize discovery in a challenge to a disciplinary action because according to Fifth Circuit jurisprudence, only "some evidence" is needed to support a disciplinary conviction.

Under this premise, and because the government has yet to respond to the habeas petition, that Court cannot conclude (at least yet) that Habeas Rule 6 authorizes the discovery petitioner seeks.

Accordingly,

The Motion to Conduct Limited Discovery (doc. 13), Renewed Motion to Conduct Limited Discovery (doc. 18) and Motion for In Camera Inspection of Documents (doc. 23) are **DENIED**.

THUS DONE AND SIGNED in Chambers this 14th day of July, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE